# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE QUINTELA | § | |
| | § | CIVIL ACTION NO.: 5:21-cv-159 |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | JURY DEMANDED |

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

A.  Plaintiff's Original Petition, TRCP 193.7 Notice of Self-Authentication and TRCP 194.2 Requests for Disclosure.

B.  CT Corporation Service of Process Transmittal and Executed Citation.

C.  Defendant's Original Answer to Plaintiff's Original Petition.

D.  Defendant's Demand for Jury Trial.

E.  District Clerk's Case History.

F.  List of Counsel of Record.

# EXHIBIT A

FILED
1/15/2021 9:35 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

**cit pps wjd**

CAUSE NO. **2021CI00873** _____

| | | |
|---|---|---|
| **MICHELLE QUINTELA,** | § | IN THE DISTRICT COURT |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | **166th** JUDICIAL DISTRICT |
| | § | |
| **WAL-MART STORES TEXAS, L.L.C.,** | § | |
| *DEFENDANT* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION,
### TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, &
### TRCP 194.2 REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MICHELLE QUINTELA,** hereinafter referred to by name or as

Plaintiff, and complains of **WAL-MART STORES TEXAS, L.L.C.,** hereinafter referred to

by name, "WAL-MART", or as Defendant, and for cause of action would respectfully show

unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff **MICHELLE QUINTELA** is an individual residing in BEXAR County,

Texas.

3.    Defendant **WAL-MART STORES TEXAS, L.L.C.** is a foreign limited liability

company authorized to do business in the State of Texas, who may be served

with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III.
### JURISDICTION & VENUE

4.  Venue is proper in BEXAR County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and 15.036; Texas Bus. & Com. Code § 17.56 because it is the county in which the cause of action occurred; and pursuant to Texas Insurance Code Article 5.06-1(8).

5.  Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff **MICHELLE QUINTELA** is justly entitled at the time of filing this suit, which, with the passage of time, may change.

### IV.
### FACTS

6.  On or about March 24, 2020, Plaintiff **MICHELLE QUINTELA** was a patron at the WAL-MART located at 5555 De Zavala Rd, San Antonio, TX 78249. Further, Defendant **WAL-MART** was responsible, maintained, owned, and assumed control of the premises located at 5555 De Zavala Rd, San Antonio, TX 78249. As such Plaintiff was a business invitee to whom Defendant owed a duty of care to protect him from injury. As Plaintiff was standing in line waiting for toilet paper to be distributed for purchase to her, another customer passed

by and the shelf with canned Planter Peanuts fell on Plaintiff, which caused Plaintiff to fall on to her left knee and hit the shelf again. Defendant failed to properly maintain and keep the aisle clear from the unsafe/crowded product placement. There were no warning signs present at the location during the time of this incident and no verbal warnings were given by WAL-MART employees as to this dangerous condition of the floor to any customers. As a result, Plaintiff sustained injuries to her body, as more fully set forth below. The unreasonably dangerous condition resulting from the improperly maintained isle on Defendant's premises proximately caused the Plaintiff's injuries and the need for medical treatment he subsequently received. The floor of the WAL-MART premises at 5555 De Zavala Rd, San Antonio, TX 78249 was overseen and operated by Defendant **WAL-MART** at the time of the incident in question.

7.    Defendant breached the duty of care it owed to Plaintiff as a business invitee and was both negligent and grossly negligent in its failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

**V.**
**CAUSES OF ACTION – DEFENDANT WAL-MART STORES TEXAS, L.L.C.**

**A.    *PREMISES LIABILITY***

8.   At all times mentioned herein, Defendant was the possessor of the premises, was in exclusive control of the instrumentalities that caused Plaintiff's injuries, and employed persons responsible for inspecting, cleaning, and making safe the floor of the premises at WAL-MART.

9.   The occurrence made the basis of this lawsuit as referred to in Paragraph 6, and Plaintiff's resulting injuries and damages were proximately caused by the negligent and/or grossly negligent conduct of the Defendant in that Defendant's employees violated a duty which Defendant owed to Plaintiff to exercise ordinary care in the operation of WAL-MART, in one or more of the following particulars:

   a.  In failing to maintain the premises safe for invitees, such as Plaintiff;

   b.  In failing to inspect the premises floor for unsafe/crowded product placement;

   c.  In failing to clean the premises floor to remove unsafe/crowded product placement;

   d.  In failing to warn of the presence of unsafe/crowded product placement on the premises floor;

   e.  In failing to provide a verbal warning of the unsafe/crowded product placement whereabouts on the premises floor, and its proximity to Plaintiff; and

   f.  In failing to act as a reasonably prudent premises owner/operator would have under the same or similar circumstances.

10. At all times material hereto, Defendant's employees were acting within the course and scope of their employment with Defendant. That is, Defendant's employees were acting in the service of Defendant, with the understanding, express or implied, that Defendant had the right to direct the details of the work being performed by the employees on the occasion in question. As such, Defendant is vicariously liable for the negligence of Defendant's employees on the occasion in question, under the doctrine of *respondeat superior*.

**B. NEGLIGENT HIRING, SUPERVISING, AND RETENTION**

11. Pleading further, Plaintiff would show that the occurrence made the basis of this lawsuit as referred to in Paragraph 6, and Plaintiff's resulting injuries and damages were proximately caused by the negligent and/or grossly negligent conduct of Defendants, in that Defendants violated a duty which Defendants owed to Plaintiff to exercise ordinary care in one or more of the following particulars:

a. In negligently hiring their employees;

b. In negligently training their employees;

c. In negligently supervising their employees; and

d. In negligently permitting liquids to remain on the premises floor by their employees, in such a manner that would result in the foreseeable injury or death of third parties, including invitees such as Plaintiff.

12. Each of these acts and/or omissions, singularly or in any combination with others, constituted negligence and/or gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## C.   GROSS NEGLIGENCE

13. The above-referenced acts and/or omissions by Defendant **WAL-MART STORES TEXAS, L.L.C.** constitute gross negligence and/or malice as those terms are defined in SECTION 41.001(7)(A) AND 41.001(11) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant **WAL-MART STORES TEXAS, L.L.C.** was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

14. Defendant **WAL-MART STORES TEXAS, L.L.C.'s** acts or omissions described above, when viewed from the standpoint of Defendant **WAL-MART STORES TEXAS, L.L.C.** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

15. Defendant **WAL-MART STORES TEXAS, L.L.C.** had actual, subjective awareness of the risk involved in the above described acts or omissions, but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

### VI.
### DAMAGES

17. As a direct and proximate result of the fall and the negligent conduct of the Defendant, Plaintiff **MICHELLE QUINTELA** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident made basis of this lawsuit.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain, and mental anguish.

18. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

19. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

### VII.
### INTEREST

20. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

21. In accordance with RULE 216 OF THE TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby make an application for a jury trial and request that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury fee

## IX.
## REQUEST FOR DISCLOSURE

22. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

23. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: snguyen-svc@thomasjhenrylaw.com.  This is the undersigned's only E-

Service email address, and service through any other email address will be considered invalid.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages;

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;   FAX: (361) 985-0601

BY: _____

STEVEN T. NGUYEN
STATE BAR NO. 24096353
*email: snguyen-svc@thomasjhenrylaw.com
ATTORNEY FOR PLAINTIFF
* service by email to this address only

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
01/21/2021
CT Log Number 538926143

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Quintela Michelle, Pltf. vs. Wal-Mart Stores Texas, L.L.C., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 166th Judicial District Court Bexar County, TX Case # 2021CI00873 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 03/24/2020 - Located at 5555 De Zavala Rd, San Antonio, TX 78249 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/21/2021 at 12:00 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Steven Nguyen Law Offices of Thomas J. Henry 5711 University Heights Blvd 101 San Antonio, TX 78249-3554 361-985-0600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/22/2021, Expected Purge Date: 01/27/2021 Image SOP Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
01/21/2021
CT Log Number 538926143

**TO:**   Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Texas**

**FOR:**   Wal-Mart Stores Texas, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PRIVATE PROCESS

Case Number: 2021-CI-00873

2021CI00873  S00001

MICHELLE QUINTELA

VS.

WAL·MART STORES TEXAS LLC

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  WAL-MART STORES TEXAS LLC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

Rec'd Date _1-19-2021_ Rec'd Time _5:00 P~_

Service To _____

Date _1-21-2021_  Time _11:30 Am_

Gean O. Smith   PSC-4683

Sig. _____

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and PETITION, a default judgment may be taken against you.In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, & TRCP 194.2 REQUESTS FOR DISCLOSURE  was filed on the 15th day of January, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 15TH DAY OF JANUARY A.D., 2021.

STEVEN NGUYEN
ATTORNEY FOR PLAINTIFF
5711 UNIVERSITY HEIGHTS BLVD 101
SAN ANTONIO, TX 78249-3554



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Leticia Leija*, Deputy

---

MICHELLE QUINTELA
VS
WAL-MART STORES TEXAS LLC

**Officer's Return**

Case Number: 2021-CI-00873
Court: 166th Judicial District Court

I received this CITATION on _____ at _____ : _____ o'clock ......M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION TRCP 193.7 NOTICE OF SELF AUTHENTICATION, & TRCP 194.2 REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ____M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (if not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

RETURN TO COURT (DK002)

# EXHIBIT C

FILED
2/12/2021 3:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

NO.: 2021CI00873

| | | |
|---|---|---|
| MICHELLE QUINTELA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | 166TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WAL-MART STORES TEXAS, L.L.C., Defendant in the above numbered and entitled cause of action, and files this Original Answer to Plaintiff's Original Petition and for support thereof would respectfully show unto the Court as follows:

I.

Defendant asserts denials, under Rule 92 of the Texas Rules of Civil Procedure, to each and every allegation contained in the said Petition, and demands strict proof thereof.

II.

Pleading further and without waiving the foregoing, Defendant asserts that if Plaintiff suffered injuries as a result of the incident made the basis of this lawsuit, which Defendant expressly denies by the filing of this pleading, that said injuries were caused in whole or in part by Plaintiff's own negligence or responsibility. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

III.

Pleading further and without waiving the foregoing, Defendant asserts that any damages allegedly suffered by Plaintiff as a result of the incident made the basis of this lawsuit, which Defendant expressly denies by the filing of this pleading, were exacerbated by Plaintiff's failure

to mitigate said damages. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to the Texas Civil Practices and Remedies Code.

IV.

Pleading further and without waiving the foregoing, Defendant asserts that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to §41.0105 of the Texas Civil Practices and Remedies Code.

V.

Pleading further and without waiving the foregoing, Defendant asserts that Plaintiff may have had pre-existing injuries and/or conditions to Plaintiff's body, and if Plaintiff was injured as a result of the alleged incident, such injury is due, in whole or in part, to these pre-existing injuries or conditions.

VI.

Pleading further and without waiving the foregoing, if exemplary damages are awarded to Plaintiff, Defendant intends to invoke the cap in the Damages Act, Texas Civil Practices and Remedies Code chapter 41, which restricts and limits Plaintiff's claim for exemplary damages.

VII.

Pleading further and without waiving the foregoing, Defendant asserts that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful conduct of persons or third parties outside the control of this Defendant. Accordingly, Defendant asserts all rights, privileges and remedies afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

VIII.

Pleading further and without waiving the foregoing, Defendant would show that Plaintiff's alleged injuries and damages are the result of subsequent injuries or conditions which were a proximate cause, or producing cause, or the sole producing cause of Plaintiff's injuries and/or damages and not the result of any negligence on the part of this Defendant.

IX.

Pleading further and without waiving the foregoing, Defendant specifically reserves the right to amend this Answer, as is its right under the Texas Rules of Civil Procedure.

PREMISES CONSIDERED, WAL-MART STORES TEXAS, L.L.C. prays that Plaintiff take nothing by this lawsuit, and that Defendant be allowed to go hence without day and recover all of their costs and attorneys' fees, and such other and further relief, both special and general, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

DAW & RAY, LLP

/s/  *Willie Ben Daw, III*
Willie Ben Daw, III; TBN:05594050
Email: wbdaw@dawray.com
14100 San Pedro Ave.
Suite 302
San Antonio, TX 78232
(210) 244-3121 Telephone
(201) 224-3188 Facsimile

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, L.L.C.**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 12th day of February, 2021.

STEVEN T. NGUYEN
LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS, 78401

Email: snguyen-svc@thomasjhenrylaw.com

/s/  *Willie Ben Daw, III*
Willie Ben Daw, III

# EXHIBIT D

FILED
2/12/2021 3:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

NO.: 2021CI00873

| | | |
|---|---|---|
| MICHELLE QUINTELA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | 166TH JUDICIAL DISTRICT |

## DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW, Defendant WAL-MART STORES TEXAS, L.L.C. and hereby demands a jury trial as is their right under Tex. Const. Art. I, § 15.  Such demand for jury trial is hereby made more than 30 days before the date this case is set for trial in accordance with Tex. R. Civ. P. 216.  Defendant tenders the jury fee contemporaneously with the filing of this jury demand which they may show themselves justly entitled.

Respectfully submitted,

DAW & RAY, LLP

/s/  *Willie Ben Daw, III*
Willie Ben Daw, III; TBN:05594050
Email: wbdaw@dawray.com
14100 San Pedro Ave.
Suite 302
San Antonio, TX 78232
(210) 244-3121 Telephone
(201) 224-3188 Facsimile

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the 12th day of February, 2021.

STEVEN T. NGUYEN                                    Email: snguyen-svc@thomasjhenrylaw.com
LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS, 78401


/s/  *Willie Ben Daw, III*
Willie Ben Daw, III

# EXHIBIT E

2/20/2021          https://search.bexar.org/Case/CaseDetail?r=6ace97ab-98b5-4b74-9b22-332d72a869bf&st=l&l=Quintela&fn=Michelle&m=&=&full=y&p=2...



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

---

# Case #2021CI00873

**Name**: MICHELLE QUINTELA

**Date Filed** : 1/15/2021

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 166

**Docket Type** : PREMISES

**Business Name** : 2021CI00873

**Style** : MICHELLE QUINTELA

**Style (2)** : vs WAL-MART STORES TEXAS LLC

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00004 | 2/12/2021 | JURY DEMAND JURY FEE PAID |
| P00003 | 2/12/2021 | ORIGINAL ANSWER OF<br>WAL-MART STORES TEXAS, L.L.C. |
| S00001 | 1/15/2021 | CITATION<br>WAL-MART STORES TEXAS LLC<br>ISSUED: 1/15/2021 RECEIVED: 1/19/2021<br>EXECUTED: 1/21/2021 RETURNED: 1/25/2021 |
| P00002 | 1/15/2021 | JURY FEE PAID |
| P00001 | 1/15/2021 | PETITION<br>WITH JURY DEMAND |

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHELLE QUINTELA | § | |
| | § | CIVIL ACTION NO.: 5:21-cv-159 |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | JURY DEMANDED |

## LIST OF COUNSEL OF RECORD

1.  Steven T. Nguyen; TBN: 24096353
    Email: snguyen-svc@thomasjhenrylaw.com
    Law Offices of Thomas J. Henry
    521 Starr Street
    Corpus Christi, Texas 78401
    (361) 985-0600 Telephone
    (361) 985-0601 Facsimile
    **ATTORNEYS FOR PLAINTIFF,**
    **MICHELLE QUINTELA**

2.  Willie Ben Daw, III; TBN: 05594050
    Email: wbdaw@dawray.com
    James K. Floyd; TBN: 24047628
    Email: jfloyd@dawray.com
    Daw & Ray, LLP
    14100 San Pedro, Suite 302
    San Antonio, Texas 78232
    (210) 224-3121 Telephone
    (210) 224-3188 Facsimile
    **ATTORNEYS FOR DEFENDANT,**
    **WAL-MART STORES TEXAS, L.L.C.**